IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Charles Taylor, | ) | C/A No. 3:12-1838-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| State Farm Fire & Casualty Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, Charles Taylor ("Taylor"), who is self-represented, filed a Complaint in the Court of Common Pleas in Sumter County appearing to raise claims of breach of contract and breach of the implied covenant of good faith and fair dealing. The defendant, State Farm Fire & Casualty Company ("State Farm"), removed the case to federal district court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on cross motions for summary judgment filed by Taylor (ECF No. 24) and State Farm (ECF No. 27). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Taylor of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 28.) The motions have been extensively briefed.[1]

Also pending before the court are Taylor's motion to amend his Complaint (ECF No. 32), Taylor's motion to declare that a judgment entered by the state court was entered in Taylor's favor (ECF No. 50), motions relating to mediation and discovery (ECF Nos. 52, 55, & 57), and Taylor's

---

[1] To the extent that the parties' filings were not timely submitted in accordance with the Local Rules, the court is disregarding them. Parties cannot unilaterally extend the time to brief a motion by characterizing a subsequent filing as a "supplement."



motion to asking this court to determine whether the state court had jurisdiction to enter a particular order (ECF No. 54). Having carefully reviewed the parties' submissions and the applicable law, the court finds that State Farm's motion for summary judgment should be granted and Taylor's motion for summary judgment should be denied.

## BACKGROUND[2]

The record indicates the following relevant background. This matter arises out of an accident that occurred on September 7, 2007 when Thomas Davis, driving a Budget Rental moving truck, allegedly hit Taylor's vehicle, causing Taylor's vehicle to hit a third vehicle. Taylor initiated a state court action in Richland County, South Carolina, Case No. 2007-CP-40-8423, against Davis. In November 2008, Taylor reached a settlement agreement with Budget Rental for $25,000 in exchange for a covenant not to execute against Davis; however, the agreement indicated that Taylor could pursue other applicable liability coverage. State Farm, Taylor's automobile insurance carrier, also paid Taylor $25,000 in underinsured motorist ("UIM") benefits. On June 19, 2009, Taylor obtained an uncontested judgment against Davis in the amount of $1,500,000. State Farm, who is Taylor's automobile liability insurance carrier, filed a motion to set aside the judgment, which was granted on January 20, 2010. Following a jury trial, on May 17, 2011 a jury returned a verdict for Taylor in the amount of $615, which the court deemed satisfied by the $25,000 paid by Budget Rental. Taylor appealed. Thereafter, Davis confessed to a judgment in favor of Taylor for $1,735,000 and Taylor sought and received dismissal of the appeal. Taylor then filed in state court a "Motion for Ruling as to the Legality of State Farm Requiring Consent to Settlement" and "Motion to Enter Consent Judgment that Dismissed Appeal." On July 17, 2012, the state court entered a

---

[2] Additional background may be gleaned from Peak Property and Casualty Insurance Corp v. Davis & Taylor, C/A No. 3:12-1689-JFA-PJG.



judgment in the amount of $1,735,000 against Davis personally. The state court specifically held that

> State Farm's obligations in this matter were exhausted when a jury found that the Defendant was liable for $615, less than the settlement paid by Budget to the Plaintiff. Because the damages in this case were found by a jury to be $615, Plaintiff's recovery from State Farm cannot exceed that amount. State Farm, as [] Taylor's UIM carrier, therefore has no other financial duty to [] Taylor in this matter. State Farm never represented Thomas Davis and therefore cannot be liable for judgments entered against Mr. Davis or for any consent judgments signed by Mr. Davis.

(ECF No. 27-2.) Taylor alleges that he has appealed this judgment.

In June 2012, Taylor filed this action in state court appearing to raise claims against State Farm of breach of contract and breach of the duty of good faith and fair dealing.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

**B.     Taylor's Claims**

In support of his claims, Taylor relies on the confession of judgment signed by Davis in the amount of $1,735,000. However, as pointed out by State Farm, the state court has specifically found that State Farm is not obligated to pay Taylor any additional monies as a result of this confession of judgment or arising from the September 7, 2007 accident in general.[3] Further, in light of the state court's order, Taylor has failed to demonstrate or provide any support for either of his claims. See Nichols v. State Farm Mut. Auto. Ins. Co., 306 S.E.2d 616, 619 (S.C. 1983) ("In Respondent's suit for breach of contract he must only show that his claim is valid."); see also Crossley v. State Farm Mut. Auto. Ins. Co., 415 S.E.2d 393, 396-97 (S.C. 1992) (recognizing one of the elements of a cause of action for bad faith refusal to pay benefits includes "refusal by the insurer to pay benefits due under the contract"); Dowling v. Home Buyers Warranty Corp., II, 400 S.E.2d 143, 144 (S.C. 1991) ("An insured may recover damages for a bad faith denial of coverage if he or she proves there was

---

[3] To the extent that Taylor challenges the state court's jurisdiction to enter its July 17, 2012 order, this is not the proper forum to raise such a challenge.



no reasonable basis to support the insurer's decision to deny benefits under a mutually binding insurance contract."). Therefore, the court finds that Taylor's claims fail as a matter of law.[4]

## ORDER AND RECOMMENDATION

Based on the foregoing, the court recommends that State Farm's motion for summary judgment be granted (ECF No. 27) and Taylor's motion for summary judgment be denied (ECF No. 24). Further, it is ordered that Taylor's motion to amend his Complaint (ECF No. 32) is denied as futile because the proposed amendment does not alter this court's recommendation on the parties' motions, and Taylor's motion regarding the state court's jurisdiction is denied (ECF No. 54). Further, in light of these recommendations, the remaining motions should be terminated (ECF Nos. 50, 52, 55, & 57).

January 21, 2013
Columbia, South Carolina

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[4] Taylor has filed a motion to amend his Complaint, which does not seek to add any additional claims. (ECF No. 32.) Rather, it appears to offer additional factual assertions and arguments that do not effect this court's recommendation on Taylor's claims. Based on the foregoing, this motion is denied as futile.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).