IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Charles Taylor, ) | C/A NO. 3:12-cv-1838-CMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| State Farm Fire & Casualty Company, ) | |
| ) | |
| Defendant, ) | |
| _____ ) | |

Through this action, Plaintiff Charles Taylor ("Taylor") seeks recovery from his insurer, Defendant State Farm Fire & Casualty Company ("State Farm"), for alleged breach of the Under Insured Motorist ("UIM") provisions of Taylor's insurance policy with State Farm. Specifically, Taylor asserts claims for breach of contract and breach of the implied covenant of good faith and fair dealing based, *inter alia*, on State Farm's refusal to pay (at least) policy limits for injuries Taylor suffered in a motor vehicle accident.

The matter is presently before the court on cross motions for summary judgment. For the reasons set forth below, State Farm's motion is granted and Taylor's motion is denied. Any other pending motions are rendered moot as a result of these rulings.

**BACKGROUND**

Taylor brought an action in state court against the driver of the other vehicle involved in the motor vehicle accident, Thomas Davis ("Davis"). The somewhat convoluted proceedings in that action ("Taylor-Davis Action") included: (1) entry of an uncontested judgment against Davis for $1,500,000; (2) setting aside of that judgment on State Farm's motion as UIM carrier; (3) a jury trial

1

with a $615 verdict in Taylor's favor; (4) Taylor's appeal of the jury verdict; and (5) Taylor's dismissal of the appeal after obtaining a confession of judgment from Davis in the amount of $1,735,000. After entry of judgment against Davis in this amount ($1,735,000), State Farm obtained a ruling from the state trial court that it was not obligated to make any further payment to Taylor because the amount of the jury verdict was lower than the amount previously paid by one of Davis's insurers.[1] In essence, this ruling negated any effect of the confession of judgment on State Farm's obligation.

Taylor appealed the ruling of the state trial court, and that appeal remains pending. In addition, Taylor filed the present action in state court challenging State Farm's actions with respect to its refusal to pay benefits and its defense of the Taylor-Davis Action. State Farm removed the matter to this court.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). The Magistrate Judge issued a Report on January 22, 2013, recommending that State Farm's motion for summary judgment (Dkt. No. 27) be granted, Plaintiff's motion for summary judgment (Dkt. No. 24) be denied, and various other motions be terminated.[2]

---

[1] Although not determinative of the present ruling, the court notes its understanding that, prior to the state court ruling which is now on appeal, Taylor received $25,000 from an insurer providing primary coverage for Davis's actions (insurance procured through a rental agency) as well as $25,000 from State Farm as Taylor's UIM carrier. Taylor also has litigation pending against another insurer for Davis.

[2] The Magistrate Judge also ruled on two non-dispositive motions, denying a motion to amend the complaint and a motion relating to state court jurisdiction. To the extent Taylor's objections may be construed as appealing these rulings, the rulings are affirmed because the rulings are not "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A) (standard of review for non-dispositive rulings).

Taylor filed objections to the Report and State Farm filed a reply. The matter is now ripe for review by this court.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

## DISCUSSION

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no error either in the Report's recommendations or underlying rationale. The court, therefore, adopts both. To the extent Taylor's concern relates to the state trial court's ruling on the extent of State Farm's liability in the Taylor-Davis Action, his relief is through appeal in the state court system. Taylor's other allegations do not support a separate claim for breach of contract or breach of the covenant of good faith and fair dealing because they suggest only that State Farm engaged in litigation over a legitimately disputed claim.

## CONCLUSION

For the reasons set forth above, the court adopts the rationale and recommendations of the Report, grants State Farm's motion for summary judgment, denies Taylor's motion for summary judgment, and directs that any other pending motions be terminated as moot. This ruling has no effect on State Farm's potential liability on the judgment in the Taylor-Davis action in the event the state court's ruling limiting State Farm's liability is reversed on appeal.

IT IS SO ORDERED.

                                                 s/ Cameron McGowan Currie
                                                 CAMERON MCGOWAN CURRIE
                                                 UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 12, 2013